# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No.  4:06cr70 |
| | § | 4:06cr148 |
| | § | (Judge Schell) |
| TODD MORICE HEFLEY | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's Supervised Release.  After the District Court referred the matter to this Court for a Report and Recommendation, the Court conducted a hearing on August 3, 2006 to determine whether Defendant violated his Supervised Release.  Defendant was represented by Robert Arrambide.  The Government was represented by Randall Blake.

On March 14, 1996, Defendant was sentenced by the Honorable Robert B. Maloney of the Northern District of Texas for the offense of Entry Into a Bank to Commit a Felony.  Defendant was sentenced to 120 months imprisonment followed by a 3 year term of supervised release.  On October 13, 2000, Defendant pleaded guilty to Possession of a Prohibited Object and Forcibly Resisting and Impeding a Correctional Officer Engaged in the Performance of Official Duties.  Defendant was sentenced to 12 months imprisonment and 9 months imprisonment, respectively, the latter sentences to run concurrently with each other but consecutively to Defendant's 120 month term, and 1 year of supervised release.  Defendant completed his term of imprisonment and began serving his supervised term on December 23, 2005.

On July 26, 2006, the Probation Officer filed a Petition for Warrant or Summons

for Offender Under Supervision.  The petition asserted that Defendant violated the following conditions: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician; (3) Defendant shall notify the probation officer within 72 hours of being arrested; (4) Defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first 5 days of each month; and (5) Defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic or drug or alcohol dependency, which will include testing for the detection of substance use or abuse.

The Government alleges that Defendant violated the terms of his Supervised Release as follows: (1) On January 30, 2006, Defendant committed the misdemeanor offense of Possession/Use of a Substance or Device to Falsify a drug test; (2) On March 23, 2006, Defendant committed the offense of Driving While Intoxicated; (3) Defendant failed to notify his probation officer of his March 23, 2006 arrest for Driving While Intoxicated; (4) Defendant failed to report for a scheduled office visit on March 30, 2006; (5) Defendant failed to submit written monthly reports for March and April, 2006; (6) On January 6, 2006, Defendant submitted a urine specimen which tested positive for opiates and amphetamines; on January 16, 2006, Defendant submitted a urine specimen which tested positive for opiates; on January 30, 2006, Defendant submitted a urine specimen which tested positive for marijuana; and on February 6,

2006, Defendant submitted a urine specimen which tested positive for cocaine, methamphetamine, and marijuana; (7) Defendant failed to report as directed for drug testing on December 28, 2005, January 28, 2006, March 25, 2006, and April 10, 11, 17, and 18, 2006; and (8) Defendant has failed to attend drug treatment sessions at Addiction Recovery Center in Lewisville, Texas since March 20, 2006 and was unsuccessfully discharged on April 19, 2006.

Defendant entered a plea of true to all but the first and second alleged violations. The Government agreed to only proceed on the third, fourth, fifth, sixth, seventh, and eighth alleged violations.

## **RECOMMENDATION**

The Court recommends that the District Court revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months, to be served concurrently with any other sentence, with no supervised release to follow.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations

and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 8th day of August, 2006.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE